# Matter of Omar Eliodoro LOPEZ RICO, Respondent

*Decided July 23, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where a respondent invokes the privilege against self-incrimination under the Fifth Amendment in response to questions material to whether he merits a favorable exercise of discretion, the Immigration Judge may draw reasonable adverse inferences from the respondent's refusal to provide material testimony.

(2) Unlawful voting is a significant adverse factor in determining whether discretionary relief is warranted.

FOR THE RESPONDENT:  Michael Martin, Esquire, Tracy, California

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; RADICS, Deputy Chief Appellate Immigration Judge; WHITE, Temporary Appellate Immigration Judge.

RADICS, Deputy Chief Appellate Immigration Judge:

This matter was last before the Board on July 22, 2020, when we sustained an appeal by the Department of Homeland Security ("DHS") from the Immigration Judge's decision terminating the respondent's removal proceedings.  We reinstated the proceedings and remanded the record to the Immigration Court.  In a decision dated January 30, 2025, the Immigration Judge denied the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2024).  The respondent, a native and citizen of Mexico and lawful permanent resident of the United States, appeals from that decision. We will dismiss the appeal.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent was admitted to the United States as a lawful permanent resident on February 22, 2001.  On November 6, 2012, the respondent voted in Stanislaus County, California, in the 2012 presidential general election. The respondent subsequently admitted to voting in a federal election in an Application for Naturalization (Form N-400) dated February 17, 2015, and in a Record of Sworn Statement dated June 9, 2015.  On May 2, 2016, DHS issued a notice to appear charging the respondent with removability under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6) (2012), as an "alien who

has voted in violation of any Federal, State, or local constitutional provision, statute, ordinance, or regulation," and under section 237(a)(3)(D) of the INA, 8 U.S.C. § 1227(a)(3)(D) (2012), as an alien who has falsely represented himself to be a United States citizen.  The Immigration Judge sustained the unlawful voting charge of removability under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6), and denied the respondent's application for cancellation of removal as a matter of discretion.

## II.  DISCUSSION

### A.  Removability

The respondent contends that DHS failed to establish his removability under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6), because it did not identify the specific law underlying the unlawful voting charge and failed to establish the requisite mental state.[1]  We disagree.

In *Matter of Fitzpatrick*, 26 I&N Dec. 559, 560–61 (BIA 2015), we held that a violation of 18 U.S.C. § 611(a), which generally prohibits aliens from voting in elections for federal office, renders an alien removable under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6).  Although DHS did not expressly cite 18 U.S.C. § 611(a) in support of the charge, the basis for removability was adequately identified in the record.  Specifically, DHS relied on the respondent's sworn admission that, while a lawful permanent resident, he registered to vote and voted in the 2012 presidential election. The respondent does not dispute these underlying facts on appeal.  Relying on those admissions, the Immigration Judge found that the respondent voted in a federal election without authorization and therefore voted in violation of federal law.

We also are not persuaded by the respondent's argument that DHS failed to establish the requisite mental state.  The United States Court of Appeals for the Ninth Circuit, under whose jurisdiction this matter arises, has recognized that removability under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6), depends upon the elements of the underlying voting provision. *See McDonald v. Gonzales*, 400 F.3d 684, 688–89 (9th Cir. 2005) (holding removability was not established where it was not shown that the alien possessed the mens rea required to violate the underlying state voting statute).  In *Matter of Fitzpatrick*, we examined the elements of 18 U.S.C. § 611(a) and concluded that it is a general intent statute that does not require

---

[1]　There is an exception to this ground of removability in section 237(a)(6)(B) of the INA, 8 U.S.C. § 1227(a)(6)(B) (2024), but it does not apply to the respondent and is not at issue in this case.

proof that an alien knew that voting was unlawful. 26 I&N Dec. at 560–61; *see also Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012) (holding that 18 U.S.C. § 611 is a general intent crime and distinguishing *McDonald*); *United States v. Knight*, 490 F.3d 1268, 1270−71 (11th Cir. 2007) (stating that 18 U.S.C. § 611 is a general intent statute). Our conclusion in *Matter of Fitzpatrick* is not inconsistent with the Ninth Circuit's holding in *McDonald*, which involved a state statute that, unlike 18 U.S.C. § 611(a), required proof of an alien's knowledge that voting was unauthorized. *McDonald*, 400 F.3d at 688–89. Thus, although the Immigration Judge found that the respondent mistakenly believed he was eligible to vote and was unaware that doing so was unlawful, those findings do not preclude a determination that he violated federal voting law or that DHS established his removability under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6). Accordingly, we agree with the Immigration Judge that DHS established, by clear and convincing evidence, that the respondent is removable under section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6).[2]

## B. Exercise of Discretion

Upon de novo review, we also affirm the discretionary denial of the respondent's application for cancellation of removal. *See Matter of Castillo-Perez*, 27 I&N Dec. 664, 670–71 (A.G. 2019) (describing the impact of drunk driving convictions in a discretionary analysis); *Matter of C-V-T-*, 22 I&N Dec. 7, 11–12 (BIA 1998) (setting forth factors relevant to the exercise of discretion for cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a)). In exercising discretion, we "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his [or her] behalf to determine whether the granting of . . . relief appears in the best interest of this country." *Id.* at 11 (quoting *Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978)). Factors relevant to discretion include family ties within the United States, length of residence in this country, evidence of hardship to the respondent's family if removal occurs, military service, history of employment, property or business ties, service to the community, and, where a criminal record exists, proof of rehabilitation. *Id.* Where adverse factors are present, the respondent should present offsetting favorable evidence,

---

[2]   The respondent also argues that the record is unclear regarding whether the Immigration Judge sustained the factual allegation and charge relating to a false claim of United States citizenship under section 237(a)(3)(D) of the INA, 8 U.S.C. § 1227(a)(3)(D). To the extent any ambiguity exists, it does not affect our disposition because we affirm the Immigration Judge's removability determination only with respect to section 237(a)(6) of the INA, 8 U.S.C. § 1227(a)(6).

which in some cases may require unusual or even outstanding equities, to outweigh the negative factors. *Id.*

Contrary to the respondent's arguments on appeal, the Immigration Judge appropriately considered his favorable equities, including his lengthy residence in the United States, his family ties to United States citizens, his employment history, his role as the primary financial provider for his household, and the hardship his removal would impose upon his wife and children. We disagree with the respondent's assertion that the Immigration Judge imposed an improper hardship requirement in his discretionary analysis. Read in context, the decision reflects that the Immigration Judge considered the hardship that removal would impose upon the respondent's family members as a favorable equity and weighed that hardship together with other positive and negative factors present in the record. The decision therefore reflects the balancing analysis contemplated by our caselaw, rather than the imposition of a threshold hardship requirement. While the respondent's favorable equities are substantial, we agree with the Immigration Judge that they are outweighed by the respondent's criminal history, his refusal to provide material testimony concerning that criminal history, and his unlawful voting violation.

The Immigration Judge permissibly considered the respondent's 2016 conviction for driving under the influence ("DUI"), as well as evidence concerning a subsequent 2024 DUI-related arrest, which the respondent testified remains pending. *See Matter of Marin*, 16 I&N Dec. at 584 (including the existence of a criminal record as an appropriate discretionary factor to weigh); *Matter of Thomas*, 21 I&N Dec. 20, 23 (BIA 1995) (holding that "criminal conduct which has not culminated in a final conviction" remains relevant as an adverse discretionary factor when established by probative evidence).

Contrary to the respondent's assertions, the Immigration Judge did not treat the pending criminal matter as equivalent to a conviction. Rather, the Immigration Judge considered the totality of the circumstances reflected in the record, including the recency and seriousness of the alleged conduct, the fact that it involved conduct similar to the respondent's prior conviction, and the limited evidence demonstrating rehabilitation. *See Matter of Bain*, 29 I&N Dec. 72, 74–75 (BIA 2025) (relying on the recency and repeated nature of the respondent's criminal history and the lack of rehabilitation in discretionary denial of cancellation of removal); *see also Begay v. United States*, 553 U.S. 137, 141 (2008) (observing that "[d]runk driving is an extremely serious crime" that "presents a serious potential risk of physical injury to another").

The Immigration Judge afforded the respondent repeated opportunities to explain the circumstances surrounding his 2016 DUI conviction and subsequent 2024 DUI-related arrest, matters directly relevant to the discretionary inquiry. Rather than provide meaningful testimony concerning those incidents, the respondent invoked the privilege against self-incrimination under the Fifth Amendment and declined to answer material questions.

We reject the respondent's contention that the Immigration Judge impermissibly penalized him for invoking the privilege against self-incrimination. The Immigration Judge did not deny relief merely because the respondent invoked the privilege against self-incrimination. Rather, the Immigration Judge permissibly considered the respondent's refusal to provide testimony concerning matters central to the discretionary determination and drew reasonable adverse inferences in determining that the respondent did not satisfy his burden of establishing that he merits cancellation of removal as a matter of discretion.

We recognize that the respondent had the right to invoke the privilege against self-incrimination under the Fifth Amendment in declining to answer questions regarding his alleged criminal conduct. However, the assertion of that privilege does not preclude the Immigration Judge from considering the respondent's refusal to provide testimony material to his application for discretionary relief, and from drawing reasonable adverse inferences where appropriate. In *Matter of Marques*, 16 I&N Dec. 314, 316 (BIA 1977), we explained that "[t]he respondent had every right to assert his claim under the Fifth Amendment. However, in so doing he runs the risk that he may fail to carry his burden of persuasion with respect to his application for discretionary relief." We further observed that, because the respondent declined to provide information material to the discretionary inquiry, "the immigration judge was thereby prevented from reaching a conclusion about the respondent's entitlement to the discretionary relief he seeks." *Id*.; *accord Matter of Li*, 15 I&N Dec. 514, 515 (BIA 1975); *Matter of Mariani*, 11 I&N Dec. 210, 211–12 (BIA 1965).[3] Consistent with that reasoning, the Supreme Court of the United States has explained that, where Congress places the burden of proof on an alien, "evidentiary gaps . . . work against the alien

---

[3] We have distinguished between issues for which DHS bears the burden of proof, such as establishing removability, and those for which the respondent bears the burden, such as establishing eligibility for discretionary relief. *Compare Matter of Guevara*, 20 I&N Dec. 238, 242–44 (BIA 1991) (recognizing that adverse inferences may be drawn from silence in immigration proceedings but holding that such inferences alone cannot satisfy DHS' burden of establishing deportability), *with Matter of Marques*, 16 I&N Dec. at 316 (holding that "when an alien seeks the favorable exercise of the Attorney General's discretion, it is incumbent upon him to supply such information that is within his knowledge").

seeking relief from a lawful removal order." *Pereida v. Wilkinson*, 592 U.S. 224, 240 (2021).

In fact, the Supreme Court has long recognized that adverse inferences may be drawn from a respondent's silence in immigration proceedings. *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153–54 (1923); *see also Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (recognizing that, in civil proceedings, the Fifth Amendment does not prohibit adverse inferences from a party's refusal to testify in response to probative evidence). Moreover, the Ninth Circuit has similarly held that, in civil immigration proceedings, "there is no prohibition against drawing an adverse inference when a petitioner invokes his Fifth Amendment right against self-incrimination." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011); *accord Zuniga v. Garland*, 86 F.4th 1236, 1240 (9th Cir. 2023).

Accordingly, where, as here, a respondent invokes the privilege against self-incrimination under the Fifth Amendment in response to questions material to whether he merits a favorable exercise of discretion, the Immigration Judge may draw reasonable adverse inferences from the respondent's refusal to provide material testimony. In this regard, the Immigration Judge found that the respondent's refusal to provide material testimony left the court without any meaningful explanation as to the underlying conduct and circumstances that led to the respondent's 2016 conviction and 2024 arrest, and properly drew an adverse inference against the respondent due to this resulting evidentiary gap.

To the extent the respondent argues that the Immigration Judge afforded excessive weight to his unlawful voting violation, we do not agree. The Immigration Judge expressly acknowledged the relevant mitigating circumstances, including the respondent's age at the time of the offense, his testimony that he did not understand he was ineligible to vote, and the circumstances under which he was encouraged to register and vote. The seriousness of unlawful voting is reflected not only in Congress' decision to criminalize such conduct, *see* 18 U.S.C. § 611(a), but also in its determination that such conduct warrants removability. *See* INA § 237(a)(6), 8 U.S.C. § 1227(a)(6); *Matter of Marin*, 16 I&N Dec. at 584–85 (recognizing that the nature and circumstances giving rise to removability constitute proper adverse considerations in the discretionary analysis). Congress' treatment of the offense underscores the substantial and compelling governmental interest in preserving "public confidence in the integrity of the electoral process," an interest the Supreme Court has repeatedly recognized as vital to the functioning of our democratic system. *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 196 (2008); *accord Brnovich v.*

*Democratic Nat'l Comm.*, 594 U.S. 647, 685 (2021); *Doe v. Reed*, 561 U.S. 186, 197–98 (2010); *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). Consequently, unlawful voting is a significant adverse factor in determining whether discretionary relief is warranted. Given the seriousness Congress attached to such conduct and the governmental interests it implicates, the Immigration Judge could have afforded the respondent's unlawful voting violation greater adverse weight than he ultimately did.

## III.  CONCLUSION

Having reviewed the record as a whole, we conclude that the respondent has not met his burden of demonstrating that he warrants cancellation of removal in the exercise of discretion. Although the respondent presented substantial equities, the Immigration Judge correctly determined that they are outweighed by the adverse factors present in the record, including the respondent's criminal history, his refusal to provide material testimony regarding that criminal history, and his unlawful voting violation.

**ORDER:**  The appeal is dismissed.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* section 274D of the INA, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).